IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |  | |
|---|---|---|---|
| JOSEPH A. MARTIN, #229195, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | CIVIL ACTION NO. 2:05-CV-315-D | |
| | ) | WO | |
| | ) | | |
| VIVIAN BLAKELY, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Joseph A. Martin ["Martin"], a state inmate, complains that the defendants deprived him of due process during disciplinary proceedings initiated against him on March 6, 2005 for a violation of Rule #56, failure to obey a direct order. Martin names Vivian Blakely and Brandon Holmes, correctional officers employed at the Bullock Community Based Facility, as defendants in this cause of action. The plaintiff seeks expungement of the disciplinary and transfer to a different work release facility.

The defendants filed a special report and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to an order entered herein, the court deems it appropriate to treat this report as a motion for summary judgment. *See Order of June 15, 2005 - Court Doc. No. 10.* Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment

is due to be granted.

## I. FACTS

On March 4, 2005, defendant Holmes entered a housing trailer at the Bullock Community Based Facility and observed inmate Martin smoking a cigarette. As a result of this incident, defendant Holmes charged the plaintiff with a violation of Rule #56, failure to obey a direct order. Holmes served Martin with notice of the charge lodged against him for actions violative of Rule #56. This notice likewise informed Martin of the scheduled date for the disciplinary hearing related to this charge. At this time, the plaintiff acknowledged receipt of such notice and requested the presence of two inmate witnesses at the disciplinary hearing. Upon completion of the noticed disciplinary hearing, the hearing officer, defendant Blakely, found Martin guilty of the aforementioned offense. The sanctions imposed upon the plaintiff for this disciplinary infraction included loss of visitation privileges for thirty days and extra duty for thirty days. *Defendants' Exhibit C at 3 - Disciplinary Report 05-0065a at 2.*

## II. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce some evidence which would be admissible at trial supporting his constitutional claim. Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To meet this standard,

"[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576 -1577 (11th Cir. 1990). A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987); *Wright v. Southland Corp.,* 187 F.3d 1287 (11th Cir. 1999); *Pritchard v. Southern Co. Servs.,* 92 F.3d 1130, 1135 (11th Cir. 1996); *McMillian v. Johnson,* 88 F.3d 1573, 1584-85 (11th Cir. 1996).

Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown*

*v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  In this case, the plaintiff has failed, after being afforded an opportunity to do so, to go beyond the pleadings and present evidence necessary to establish that there is a genuine issue of material fact in order to preclude summary judgment.

### III. DISCUSSION

The plaintiff complains that defendants Blakely and Holmes subjected him to an "unfair disciplinary hearing" in violation of his due process rights. *Plaintiff's Complaint* at 2. Specifically, Martin asserts that the hearing officer "talked to [the arresting officer] alone" and disregarded some of his questions as irrelevant. *Id*. at 2-3.  The plaintiff is entitled to no relief on his challenge to the constitutionality of the disciplinary.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law."  Thus, the Constitution is implicated only if a person is deprived of an interest protected by the Due Process Clause.  In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned the former methodology for determining the existence of a liberty interest.  Under such previous case law, a federal court ascertained whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion."  In its renunciation of this prior case law, the Court held that federal courts must instead look to the nature of the deprivation

rather than statutory or regulatory language to determine if a state created a liberty interest.

> Following *Wolff*,[1] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. . . But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner*, 515 U.S. 472, 483-484 (1995)(footnote added)(citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure encroaches upon a liberty interest protected under the Due Process Clause. *Id.* at 484.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin,* 515 U.S. at 485. The loss of privileges and assignment to extra duty for a short period of time "though concededly punitive, do[] not represent a dramatic departure from the basic conditions" of the sentence imposed upon the plaintiff. *Id.* In light of the foregoing, it is clear that the aforementioned sanctions fail to "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Thus, the plaintiff's theory of liability is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i), *see Neitzke v.*

---

[1] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

*Williams*, 490 U.S. 319 (1989),[2] and the defendants are therefore entitled to summary judgment in this case.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before July 28, 2005 the parties shall file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[2]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 15th day of July, 2005.


**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE